IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VETERAN ENERGY, INC., d/b/a**
**RED CEDAR GROUP**                                                                   PETITIONER

v.                                    Case No. 4:19-mc-000015 KGB

**SMART CHOICE DELIVERY, INC.**                                            RESPONDENT

## ORDER

Before the Court is the verified petition of Veteran Energy, Inc., doing business as Red Cedar Group ("Veteran Energy") to perpetuate testimony of Smart Choice Delivery, Inc., pursuant to Federal Rule of Civil Procedure 27 (Dkt. No. 2). Respondent Smart Choice Delivery, Inc. ("Smart Choice"), filed an objection to the petition (Dkt. No. 4). For the following reasons, the Court denies the petition (Dkt. No. 2).

Veteran Energy represents that it "expects to be a party to a certain litigation in the state of Arkansas but is presently unable to bring it or cause it to be brought." (*Id.*, at 2). Veteran Energy contends that it seeks to assert claims against Smart Choice, as well as John and Jane Does, for negligence in delivering its laptops to a thief or thieves that may have an association with one or more employees of Smart Choice (*Id.*). Veteran Energy claims that it has made multiple demands on Smart Choice to cooperate in returning the laptops. According to Veteran Energy, Smart Choice has represented that the laptops are still in the United States but refuses to disclose the location of the laptops (*Id.*). Veteran Energy desires to establish information about the laptops and their current location (*Id.*, at 3). It also desires to identify parties whom Smart Choice allegedly refuses to disclose absent litigation (*Id.*). Veteran Energy seeks to examine an agent of Smart Choice who possesses knowledge of the name and address of the location at which the laptops are currently held (*Id.*).

Smart Choice filed an objection to the petition, making several arguments in support of its opposition (Dkt. No. 4). Overall, Smart Choice claims that Veteran Energy fails to meet the minimum threshold requirements under Federal Rule of Civil Procedure 27(a)(1) to succeed on a petition to perpetuate testimony (*Id.*, at 1). It contends that Veteran Energy seeks to establish facts to support the drafting of its complaint and that Rule 27(a)(1) may not be used in this manner; it may not be used as a license for conducting general discovery prior to the institution of a civil action (*Id.,* at 3). Smart Choice asserts that Veteran Energy has been threatening to file suit since March 6, 2019, and that, if there is a cause of action against Smart Choice, Veteran Energy should bring it (*Id.*). Smart Choice claims that Veteran Energy's petition is meant to harass and annoy Smart Choice and, accordingly, requests that the Court award it fees and costs for defending against the petition in the amount of $2,500.00 (*Id.*).

Rule 27(a)(1) states, "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." A petition to perpetuate testimony must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

If perpetuating the testimony may prevent a failure or delay of justice, the court must grant the order. Fed. R. Civ. P. 27(a)(3). Rule 27 may not be used as a license for conducting general

discovery prior to the institution of a civil action. *Barnett v. Sims,* 2009 WL 3923712, at *3 (W.D. Ark. Nov. 16, 2009). It is "not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." *Hasan v. Griffin,* 2018 U.S. Dist. LEXIS 65287, *2 (D. Minn. March 15, 2018). Instead, discovery under Rule 27(a)(1) should be allowed only when the petitioner demonstrates a present inability to bring any action at the time the petition is presented. *Id.* Rule 27 applies to situations in which, "for one reason or another, testimony might be lost to a prospective litigant unless taken immediately." *Id.* (citing *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y. 1943)).

The Court has reviewed Veteran Energy's petition and finds that it fails to make the requisite showing under Rule 27(a)(1). Veteran Energy states that it "expects to be a party to a certain litigation in the state of Arkansas but is presently unable to bring it or cause it to be brought." (Dkt. No. 2, at 2). Veteran Energy fails to set forth, or even to allege, facts that support the contention it cannot presently bring an action or cause it to be brought; Veteran Energy's bare assertion is a restatement of Rule 27(a)(1)(A). Veteran Energy also has not disclosed specifically the facts that it wants to establish by the proposed testimony or the reasons to perpetuate it as required by Rule 27(a)(1)(C).

Veteran Energy claims that it desires to establish information about its laptops, their current location, and the identity of parties whom Smart Choice allegedly refuses to disclose absent litigation (*Id.*, at 3). Based upon this, it appears to the Court that Veteran Energy merely seeks to conduct early general discovery under Rule 27. Veteran Energy does not claim that this testimony might be lost unless taken immediately or that it will not be able to obtain this discovery at a later time. As a result, the Court cannot conclude that perpetuating the testimony may prevent a failure or delay of justice.

This type of general discovery is not permitted under Rule 27. Veteran Energy fails to make the requisite showing. Therefore, the Court denies the petition to perpetuate testimony and directs the Clerk to close this miscellaneous file.

So ordered this the 14th day of February, 2020.

_____
Kristine G. Baker
United States District Judge